UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jonathan Spriggs,　　　　　　　　　　　　　　Civil No. 09-1634 (JMR/FLN)

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**

Ms. Cassette, Case Manager
Federal Bureau of Prisons,

    Respondent.

_____

Petitioner, *Pro Se*.
Mary Jo Madigan, Assistant United States Attorney, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [#1]. Respondent filed a responsive memorandum in opposition to the petition [#7], and Petitioner filed a reply brief [#13]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that the petition be **DENIED**.

## I. BACKGROUND

Petitioner Jonathan Spriggs ("Petitioner") is currently designated to the Federal Medical Center in Rochester, Minnesota. (Gov't Response to Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 at 1, Doc. No. 7.) Petitioner was convicted of Maintaining Drug-Involved Premises in violation of 21 U.S.C. § 856(a)(2) in the United States District Court for the Southern District of Mississippi. *Id*. at 1-2. He is serving a 57-month sentence, followed by three years of supervised release, with a projected release date of December 9, 2010. *Id*.

1

In the instant action, Petitioner alleges that the Federal Bureau of Prisons has wrongly determined when he should be transferred to a Residential Reentry Center ("RRC") pursuant to the Second Chance Act of 2007. (Pet. for Writ of Habeas Corpus Persons In Federal Custody Under Title 28 USC Section 2241, Doc. No. 1, Ex. 1.) He challenges a February 23, 2009 recommendation by his unit team to limit his RRC placement to 30-60 days. (*See id.*; Buege Decl. ¶ 6, Doc. No. 8, Ex. B.) Petitioner seeks the maximum 12 months of RRC time. (Doc. No. 1, Ex. 1.)

On May 10, 2009, Petitioner submitted an informal Inmate Request to Staff form to his case manager concerning his grievance in this matter, to which she responded in writing, denying his request for 12 months of RRC placement, on June 3, 2009. (Doc. No. 1, Ex. A.) Petitioner did not subsequently file any formal administrative remedy requests. (*See* Doc. No. 8 ¶ 9, Ex. D.)

## II. DISCUSSION

### A. Second Chance Act of 2007

The Second Chance Act of 2007, Pub. L. No. 110-119, provides, in part, that:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

The Second Chance Act further requires that placement of a prisoner in a community correctional facility (like an RRC) must be "determined on an individual basis" and be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). In determining an "appropriate and suitable" placement

for a prisoner, the Bureau of Prisons must consider:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28 . . . .

18 U.S.C. § 3621(b); *see also* 28 C.F.R. §§ 570.20-570.22; (Pet'r Traverse Pursuant to Title 28 U.S.C. § 636, Doc. No. 13, Ex. D; Miller Decl., Doc. No. 9, Ex. A.)

The Second Chance Act indicates, on its face, that the Bureau of Prisons determines how much time each federal prisoner should spend in an RRC on an individualized basis. *See* 18 U.S.C. § 3624(c)(6). The act sets the maximum RRC placement for which a prisoner may be eligible at 12 months, but does not mandate that a prisoner is entitled to any minimum amount of time in an RRC. *See* 18 U.S.C. § 3624(c)(1).

B.    **Failure to Exhaust Administrative Remedies**

The Government argues that Petitioner has not exhausted his administrative remedies, and, consequently, his habeas petition should be dismissed. (Doc. No. 7.)[1]

It is well-settled that federal prisoners must exhaust their available administrative remedies before seeking federal habeas corpus relief under 28 U.S.C. § 2241. *See e.g. Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (dismissing habeas petition because petitioner failed to exhaust his administrative remedies within the Bureau of Prisons); *United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000); *Kendrick v. Carlson*, 995 F.2d 1440,

---

[1]The Government raises additional arguments, including that Respondent is not a properly named party and should be substituted by B.R. Jett (Warden) and that Petitioner's claim fails on the merits. This Court, however, will not address the additional arguments, given its recommendation below on the basis of Petitioner's failure to exhaust administrative remedies.

3

1447 (8th Cir. 1993); *Leighnor v. Turner*, 884 F.2d 385, 387 (8th Cir. 1989); *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991).

> The administrative exhaustion requirement promotes and permits:
>
> (1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level.

*Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976); *see McKart v. United States*, 395 U.S. 185, 194-195 (1969).

The Bureau of Prisons has provided an Administrative Remedy Program for federal inmates[2] who wish to address grievances related to their confinement, which is set forth at 28 C.F.R. §§ 542.10-19. The regulations prescribe a series of steps that a prisoner must take in order to satisfy the exhaustion requirement: (i) an inmate must first present his concern informally to an appropriate staff member, who must attempt to resolve the concern, *see* 28 C.F.R. § 542.13(a); (ii) if the issue is not resolved to the inmate's satisfaction, he must then present a formal written Administrative Remedy Request (Form BP-9), generally to the warden of his institution, *see* 28 C.F.R. § 542.14(a); (iii) if the prisoner is not satisfied with the warden's response, he must appeal to the Regional Director (Form BP-10), *see* 28 C.F.R. § 542.15(a); and (iv) if dissatisfied with the Regional Director's response, the inmate must make a final appeal to the General Counsel (Form BP-11), *see id.* To fully exhaust his administrative remedies, a federal prisoner must complete each of these steps and have received a final response from the Bureau of Prisons Central Office. *See* 28 C.F.R. §§ 542.10-19.

In the instant case, Petitioner appears to acknowledge that he has not exhausted available administrative remedies provided by the Bureau of Prisons with respect to his claim. (*See* Doc.

---

[2]The Administrative Remedy Program not only applies to all inmates in institutions operated by the BOP but also to "former inmates for issues that arose during their confinement." 28 C.F.R. § 542.10(b).

4

No. 13, 7.) Moreover, he has had ample opportunity to pursue his complaint through the administrative remedy process. In fact, the unit team recommended 30-60 days of RRC placement for Petitioner on February 23, 2009, and Petitioner did not submit an Inmate Request to Staff form to his case manager until May 10, 2009. (Doc. No. 1, Ex. A.) After filing this informal request and receiving a written response on June 3, 2009, however, Petitioner did not file a formal administrative remedy request. (Doc. No. 8 ¶ 9, Ex. D.)

Petitioner has not asked this Court to waive the exhaustion of administrative remedies requirement, and this Court finds no compelling reason to excuse Petitioner from the requirement. To the contrary, it is entirely appropriate in this case to require Petitioner to exhaust his administrative remedies before seeking federal habeas corpus relief.

C. **Procedural Default**

Because Petitioner has not exhausted his administrative remedies, he has procedurally defaulted on his claim.

If a prisoner deprives prison officials and the courts of the benefits of the administrative remedies process by failing to pursue his administrative remedies in a proper and timely manner, his claims are procedurally defaulted. *See e.g. Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 761-62 (3rd Cir. 1996) (prisoner claim procedurally defaulted where prisoner's final BOP appeal was untimely); *Sanchez v. Miller*, 792 F.2d 694, 697-99 (7th Cir. 1986) (prisoner claim procedurally defaulted where prisoner did not complete administrative appeal process before seeking habeas relief and deadline for process expired before habeas process was adjudicated); *Francis v. Rison*, 894 F.2d 353, 354-55 (9th Cir. 1990) (procedural default occurred where prisoner did not appeal warden's decision and deadline expired before habeas petition was filed).

Procedurally defaulted § 2241 claims will not be entertained in federal court unless the prisoner litigant is able to show "cause" for his default and that actual prejudice will result if his

claims are procedurally barred. *See e.g. Carmona v. U. S. Bureau of Prisons*, 243 F.3d 629, 630 (2nd Cir. 2001) ("[A] federal prisoner who defaults in pursuit of his administrative remedies will also be denied habeas review absent a showing of cause and prejudice.") In order to satisfy the "cause" requirement to overcome a procedural default, a prisoner must show that some "external impediment" prevented him from satisfying the exhaustion of administrative remedies requirement in a proper and timely manner. *Moscato*, 98 F.3d at 762. "'[C]ause under the cause and prejudice test is something external to the petitioner, something that cannot fairly be attributed to him . . . . [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available . . . or that some interference by officials made compliance impracticable . . . .'" *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

In this case, Petitioner has not offered any evidence demonstrating "cause" to support his failure to properly file a formal, written Administrative Remedy Request (Form BP-9). *See* 28 C.F.R. § 542.14(a). Moreover, although his informal request was reviewed by his case manager and denied on June 3, 2009, any potential challenges to the denial that have not been formally and administratively raised would nonetheless be barred under 28 C.F.R. § 542.14(a). *See id.* The Administrative Remedy Program dictates that the "deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the request occurred." *Id.*

If Petitioner had begun the administrative process within 20 days of February 23, 2009,[3]

---

[3] Even if Petitioner were to argue that "the date on which the basis for the request occurred" could have arisen as late as June 3, 2009, the date on which Petitioner received a response to his request for 12 months of RRC placement, he has still failed to pursue the administrative remedy process in a timely manner. *See* 28 C.F.R. § 542.14(a). Because Petitioner did not submit any formal Administrative Remedy Request (by even June 23, 2009), and instead filed a habeas petition, he has failed to meet the 20-day deadline under any possible calculation.

the date on which he was notified of the 30-60 day recommendation for his placement in an RRC, he would been able to timely complete the remedy process. Now that several months have passed, however, the claim he has failed to raise by way of Administrative Remedy Request has procedurally defaulted.

Where a petitioner cannot demonstrate that he has exhausted his administrative remedies, the court may dismiss the petition. *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993). Petitioner has not exhausted his administrative remedies before seeking federal review of his claim. His delay in seeking administrative remedy has caused his claim to be procedurally defaulted. This Court, therefore, recommends that Petitioner's habeas corpus petition be denied and that this action be dismissed with prejudice.

### III.  RECOMMENDATION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] be **DENIED**; and

2. This action be **DISMISSED with prejudice**.


DATED: February 18, 2010  *s/ Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 4. 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.
This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.